Jacob Markowitz, J.
Defendant Shelton Hotel Associates is the owner of the fee of the land and the improvement operated as the Hotel Shelton and the defendant Shelton 525 Lexington Corp. at the times in question was a sublessee in possession operating the hotel property.
Plaintiff delivered quantities of oil between November 26, 1958 and January 19, 1959 to the premises at the request of the lessee. It is further alleged in the complaint that the sublessee was in possession under a major lease which required operation of the business of the hotel under the name Hotel Shelton and that the lessee in possession was to maintain the premises in good condition and repair. Plaintiff thought it was dealing with the Hotel Shelton and not a lessee and in reliance thereon did extend credit to the lessee, whom they believed to be the owners. It is contended consequently that the owner is estopped from denying its consent and agency of the lessee. The instruments affecting ownership and possession under leases were at the time of the transactions all duly recorded.
The defendant owner moves for summary judgment dismissing the complaint as to it. Except as to the terms and provisions contained in the lease instruments, plaintiff relies on no other act or conduct of the defendant to establish the claimed estoppel. Plaintiff urges that the Recording Act (Real Property Law, § 291) does not apply to suppliers and creditors. Yet plaintiff argues and supports the claim of estoppel by the terms and provisions of the lease instruments, of which it claims it had no knowledge and by which it is not bound.
Plaintiff relies on out-of-State cases in support of its contention that the operation of the premises'under the name Hotel Shelton and the obligation of the tenant in possession to keep the premises in good condition' and repair estop the defendant from raising any question of authority. Thus, in Fidelman-Danziger, Inc., v. Statler Management (390 Pa. 420 [1957]) the defendant leased a portion of the hotel premises for use as a checkroom from which valuable property belonging to the plaintiff had been stolen. The court there held the owner and lessor liable by reason of the fact that the hotel owner had lent its name to the business and took no steps to notify the public to the contrary. In Will Docter Meat Co. v. Hotel Kingsway (232 S. W. 2d 821 [Missouri, 1950]) a restaurant was operated in the premises of the defendant owner under the name of the hotel. The restaurant and hotel were under separate ownership. The cases are not applicable, since in each the owner was not out of possession but was in fact operating the hotel business by reason of which, in all the facts and circumstances, the operator of the *418 hotel was held liable with respect to obligations arising from the operation of leased portions thereof.
The motion is granted dismissing the complaint as to the moving defendant. Settle order providing for severance.